IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN SHADLE | : | |
| Plaintiff | : | |
| | : | No. 4:25-CV-476 |
| v. | : | |
| | : | (Chief Judge Brann) |
| PENNSYLVANIA STATE SYSTEM | : | |
| OF HIGHER EDUCATION; | : | Electronically Filed Document |
| COMMONWEALTH UNIVERSITY | : | |
| OF PENNSYLVANIA, TINA | : | *Complaint Filed 3/14/25* |
| MAUER, *and* BELINDA SAUERS | : | |
| | : | |
| Defendants | : | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By:   *s/ Tyler Jefferies*

TYLER JEFFERIES
Deputy Attorney General
Attorney ID PA 330225

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 941-0376

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

tjefferies@attorneygeneral.gov

Date:  May 13, 2025

Counsel for Defendants

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................2

TABLE OF AUTHORITIES ..........................................................3

PROCEDURAL HISTORY .............................................................5

STATEMENT OF ALLEGED FACTS...............................................5

QUESTIONS PRESENTED ............................................................7

ARGUMENT................................................................................7

   I.  Defendants are entitled to immunity. ..........................................9

     a.  Statutory Sovereign Immunity .................................................9

     b.  Eleventh Amendment Immunity ............................................10

   II.  Plaintiff has failed to state a claim under USERRA ....................11

   III.  Plaintiff has failed to state a claim under the Fourteenth Amendment.......13

     a.  Due Process ........................................................................13

     b.  Equal Protection ..................................................................14

   IV.  Plaintiff has failed to state a claim of conspiracy under 42 U.S.C. § 1985 16

   V.  Plaintiff has failed to state a claim under the Veterans' Preference Act .......17

CONCLUSION ...........................................................................18

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................... 15, 17

*Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983) ........................................................................................................ 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) ........................................... 8, 17

*Benoit v. Pa. Bd. of Probation & Parole – West Div.*, 2010 WL 481021 (E.D. Pa. 2010) ................................................................................................................ 15

*Bougher v. University of Pittsburgh*, 713 F.Supp. 139 (W.D. Pa. 1989) ............... 16

*Boykin v. Bloomsburg Univ. of Pa.*, 893 F.Supp. 378 (M.D. Pa. 1995) ............... 10

*Brickhouse v. Spring-Ford Area School Dist.*, 656 A.2d 483 (Pa. 1995) ............. 17

*Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256 (3d Cir. 2006) ............................ 8

*Burden v. Wilkes-Barre Area School Dist.*, 16 F.Supp. 569 (M.D. Pa. 1998) .. 16, 17

*Carter v. City of Philadelphia*, 989 F.2d 117 (3d Cir. 1993) ................................ 13

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) ............................... 13

*District Council 47 v. Bradley*, 795 F.2d 310 (3d Cir. 1986) .............................. 16

*Ellington v. Cortes*, 532 F.Appx. 53 (3d Cir. 2013) ........................................... 11

*Evancho v. Fisher*, 423 F.3d 347 (3d Cir. 2005) .................................................. 9

*Flanagan v. Shively*, 783 F.Supp. 922 (M.D. Pa. 1992) ...................................... 16

*Gikas v. Wash. Sch. Dist.*, 328 F.3d 731 (3d Cir. 2003) ................................. 13, 14

*Gordon v. Wawa, Inc.*, 388 F.3d 78 (3d Cir. 2004) ............................................. 12

*Hassan v. City of New York*, 804 F.3d 277 (3d Cir. 2015) .................................. 15

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ............... 9

*Kentucky v. Graham*, 473 U.S. 159 (1985) ..................................................... 10, 11

*Markel v. McIndoe*, 59 F.3d 463 (3d Cir. 1995) ............................................. 17, 18

*Merrell v. Chartiers Valley Sch. Dist.*, 855 A.2d 713 (Pa. 2004) ..................... 14, 18

*Murphy v. Radnor Twp.*, 542 F.Appx. 173 (3d Cir. 2013) ................................... 12

*Pennhurst State School & Hospital v. Haldeman*, 465 U.S. 89 (1984) ................. 11

*Pryor v. Nat'l. Collegiate Athletic Ass'n*, 288 F.3d 548 (3d Cir. 2002) ................. 8

*Reed v. Chambersburg Area Sch. Dist.*, 951 F.Supp. 2d 706 (M.D. Pa. 2013) ...... 15

*Reiff v. Phila Cnty. Court of Common Pleas*, 827 F.Supp. 319 (E.D. Pa. 1993) .... 11

*Robins v. Wetzel*, 2022 WL 4533850 (3d Cir. 2022) ........................................... 15

*Roper v. Luzerne County*, 2023 WL 2563082 (M.D. Pa. 2023) ........................... 15

*Sanders v. Pa. State Sys. of Higher Educ.*, 811 Fed.Appx. 139 (3d Cir. 2020) ...... 10

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) ................................... 10

*Sheehan v. Dept. of Navy*, 240 F.3d 1009 (Fed. Cir. 2001) ................................. 12

*Skehan v. State Sys. of Higher Educ.*, 815 F.2d 244 (3d Cir. 1987) ........................ 9

*United Bhd. of Carpenters & Jointers v. Scott*, 463 U.S. 825 (1983) .................... 16

*Vitaulic Co. v. Tieman*, 499 F.3d 227 (3d Cir. 2007)...............................................8

**Statutes**

1 Pa. C.S. § 2310 ..........................................................................................9

24 P.S. § 20-2002-A .....................................................................................9

24 P.S. § 20-2002-A(a)(9)........................................................................9, 10

38 U.S.C. § 4311(a) ....................................................................................11

38 U.S.C. § 4311(c)(1)................................................................................11

51 Pa. C.S.A. 7104(a) .................................................................................17

Pa. C.S.A. § 8521(b) ...................................................................................10

**Rules**

Fed. R. Civ. P. 12 (b)(6)................................................................................7

Fed.R.Civ.P. 12(d) .......................................................................................8

## **PROCEDURAL HISTORY**

On March 14, 2025, Plaintiff filed a Complaint, alleging violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), Fourteenth Amendment, 42 U.S.C. § 1985, and Pennsylvania's Veterans' Preference Act. Doc. 1. Defendants timely moved to dismiss the Complaint under Rule 12(b)(6) and now file this brief pursuant to Local Rule 7.5.

## **STATEMENT OF ALLEGED FACTS**

On July 20, 1998, Plaintiff started employment in a union position with Defendants Pennsylvania State System of Higher Education ("PASSHE") and Commonwealth University. Doc. 1 ¶¶ 17-18.

On January 13, 2023, Defendants PASSHE and Commonwealth University posted a job for a Safety Inspector at the Lock Haven Campus. Id. ¶ 19. Defendant Sauers, and Defendant Maurer's as Sauers' supervisor, allegedly had decision making authority for this position. Id. ¶¶ 21-22.

On January 19, 2023, Plaintiff submitted an application for the safety inspector position. Id. ¶ 28. This application allegedly asked about claiming eligibility for veterans' preference which Plaintiff allegedly claimed. Id. ¶¶ 29-30.

On February 17, 2023, a non-party allegedly told Plaintiff he met the minimum qualifications for the position. Id. ¶ 31.

On February 28, 2023, Plaintiff allegedly provided Sauers with additional information regarding his qualifications. Id. ¶ 33.

Plaintiff received an interview for the position. Id. ¶ 34. The applicant log indicated that Plaintiff met the minimum qualifications. Id. ¶ 36. None of the other interviewed applicants allegedly were eligible for veterans' preference. Id. ¶ 37. The applicant log had a section regarding preferred qualifications, but the job description did not, and the applicant log indicated that Plaintiff did not meet some or all of the preferred qualifications. Id. ¶ 38-39. The applicant log also indicated that Holly Evans, a female non-veteran, also did not meet some or all of the preferred qualifications and indicated that she met the minimum qualifications but was not among the most qualified applicants for that applicant pool. Id. ¶ 41. These two candidates' post-application review committee scores were only separated by one point. Id. ¶ 42-43. Plaintiff was rejected for the position as he did not emerge among the most qualified candidates following his interview. Id. ¶ 44.

On May 24, 2023, Plaintiff received an email from PASSHE and Commonwealth University's Human Resources informing him he was not selected for the position. Id. ¶ 51. The January 2023 posting was not filled. Id. ¶ 52.

On June 12, 2023, Defendants PASSHE and Commonwealth University posted an application for Safety Inspector. Id. ¶ 56. Allegedly, Defendants Sauers and/or Maurer drafted the second posting and/or had input or decision making

authority into the same. <u>Id.</u> ¶ 57. The description of the position had not been changed, the minimum qualifications had not been changed, but preferred qualifications were added. ¶ 58-60.

On June 27, 2023, Plaintiff submitted an application to the Safety Inspector position and again claimed veterans' preference. <u>Id.</u> ¶¶ 70-71. Plaintiff met the minimum qualifications but not the preferred qualifications. <u>Id.</u> ¶ 72. Plaintiff was not interviewed for this position. <u>Id.</u> ¶ 73.

On October 20, 2023, Plaintiff learned that Holly Evans was selected for the position. <u>Id.</u> ¶ 74.

## QUESTIONS PRESENTED

I.    Must the Court dismiss the claims against Defendants as they have immunity?

II.   Must the Court dismiss Plaintiff's USERRA claim as he has failed to state a plausible claim?

III.  Must the Court dismiss Plaintiff's Fourteenth Amendment claims as he has failed to state a plausible claim?

IV.   Must the Court dismiss Plaintiff's § 1985 Conspiracy claim as he has failed to state a plausible claim?

V.    Must the Court dismiss Plaintiff's Pennsylvania Veterans' Preference Act claim as he has failed to state a plausible claim?

*Suggested Answer to All*: Yes.

## ARGUMENT

A claim will be dismissed where the plaintiff has "failed to state a claim upon which relief may be granted." *See* Fed. R. Civ. P. 12 (b)(6). In determining this, a

court will generally only consider the allegations made within the complaint, as well as the "documents that are attached to or submitted with the complaint … and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, order, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citations omitted); *see also Pryor v. Nat'l. Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (courts may consider "documents whose contents are alleged he complaint and those whose authenticity no party questions, but which are not physically attached to the pleading."). As Plaintiff cites on numerous occasions to the contents of the two job descriptions and applicant logs (Doc. 1 ¶¶ 19-21, 23-24, 26-27, 35, 38-44, 56, 58-60, 65, 84, and 95), Defendants attach them hereto as Exhibits A-D.

A court may, however, treat a motion to dismiss as one of summary judgment under Federal Rule of Civil Procedure 12(d) if it considers matters outside of the pleadings. Fed.R.Civ.P. 12(d).

In order to survive a motion to dismiss, a plaintiff must establish facts that "raise a right to belief above the speculative level." *Vitaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). A court, however, is not required to give credit to legal conclusions or bald assertions contained in the complaint. *See Evancho v. Fisher*, 423 F.3d 347, 351 (3d

Cir. 2005) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Finally, "[t] is not … proper to assume that [a plaintiff] can prove facts that it has not alleged[.]" *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In this case, not only are Defendants entitled to immunity on Plaintiff's claims, but Plaintiff also fails to state plausible claims of violations of USERRA, Conspiracy, the Fourteenth Amendment, and the Pennsylvania Veterans' Preference Act.

## I.    Defendants are entitled to immunity.

### a.  Statutory Sovereign Immunity

To the extent Defendants Maurer and Sauers are being sued in their individual capacities, the Pennsylvania General Assembly has reaffirmed the principle of sovereign immunity as it applies to the Commonwealth and its employees in all cases except where a specific exemption is created. 1 Pa. C.S. § 2310.[1] Further, PASSHE is a state "instrumentality" entitled to state sovereign immunity. *Skehan v. State Sys. of Higher Educ.*, 815 F.2d 244, 249 (3d Cir. 1987); 24 P.S. § 20-2002-A. The same is true for Commonwealth University. *See* 24 P.S. § 20-2002-A(a)(9).

---

[1] The General Assembly has specifically identified nine limited exceptions to sovereign immunity, none of which apply here.

As such, Plaintiff's claims under the Pennsylvania Veterans' Preference Act made against Sauers and Maurer, in their individual capacity, and PASSHE and Commonwealth University are barred by statutory sovereign immunity and must be dismissed.

b. Eleventh Amendment Immunity

The Eleventh Amendment provides immunity to states from suit in federal court, as well as suits for monetary damages against state officials acting in their official capacity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). PASSHE and Commonwealth University are arms of the state. 24 P.S. § 20-2002-A (a)(9). Eleventh Amendment immunity has not been waived here. *See* Pa. C.S.A. § 8521(b). As such, PASSHE and Commonwealth University cannot be held liable under § 1983 and such claims must be dismissed. *See Sanders v. Pa. State Sys. of Higher Educ.*, 811 Fed.Appx. 139, 141-142 (3d Cir. 2020) (affirming the dismissal of claims against PASSHE and a member university because they are protected by Eleventh Amendment immunity); *Boykin v. Bloomsburg Univ. of Pa.*, 893 F.Supp. 378, 394 (M.D. Pa. 1995) ("[A] suit against … [Pennsylvania] agencies [under Section 1983], such as Bloomsburg University, is proscribed by the Eleventh Amendment.").

To the extent Defendants Maurer and Sauers are being sued in their official capacity, the Eleventh Amendment to the United States Constitution precludes

lawsuits against a state in federal court, regardless of the type of relief sought. *Graham*, 437 U.S. at 165-67; *Pennhurst State School & Hospital v. Haldeman*, 465 U.S. 89 (1984). Individual defendants acting in their official capacity have Eleventh Amendment immunity. *See e.g., Ellington v. Cortes*, 532 F.Appx. 53, 56 (3d Cir. 2013). Eleventh Amendment immunity also applies to pendent or supplemental state law claims, such as the Pennsylvania Veteran's Preference Act claim here. *Reiff v. Phila Cnty. Court of Common Pleas*, 827 F.Supp. 319, 324 (E.D. Pa. 1993) (citing *Pennhurst*, 465 U.S. at 89).

The claims against Defendants must be dismissed as they are immune from suit.

## II.    Plaintiff has failed to state a claim under USERRA

Plaintiff claims Defendants violated USERRA by changing the job posting, ignoring his alleged additional qualifications, not providing him an interview, and hiring a non-veteran. Doc. 1 ¶ 84. Plaintiff's USERRA claim is simply one of discrimination. Id.

Section 4311 prohibits employers from denying a military service member a promotion because of their military service membership, performance of service, or other obligation due to that service. 38 U.S.C. § 4311(a). A violation occurs if the military membership, service, or obligation is a substantial or motivating factor in the employer's decision. 38 U.S.C. § 4311(c)(1).

To establish such a claim, Plaintiff must show that his military service was a substantial or motivating factor in not being selected for the position. *Murphy v. Radnor Twp.*, 542 F.Appx. 173, 176-177 (3d Cir. 2013). "Military status is a motivating factor if the defendant relied on, took into account, considered, or conditioned its decision on that consideration." *Id.* at 177. Factors that may be taken into consideration to establish this include: time proximity between Plaintiff's military activity and his non-selection, inconsistencies between reasons provided by Defendants and Defendants' actions, Defendants' express hostility towards military members, and disparate treatment. *Sheehan v. Dept. of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001).

Here, Plaintiff makes no showing that there is any proximity between his military service and his non-selection to the position. Nor does he allege any inconsistent actions by Defendants, hostility, or disparate treatment. Rather, Plaintiff makes bald assertions that he was not selected for the position due to his military service and attempts to support that accusation by claiming he was not selected simply because a female non-veteran was selected. This is not enough to establish that Plaintiff's prior military service was a substantial or motivating factor in him not being selected for the position. *Gordon v. Wawa, Inc.*, 388 F.3d 78 (3d Cir. 2004) (dismissing an USERRA claim on a motion to dismiss where plaintiff failed to allege the adverse action was motivated by military service).

Further, Plaintiff was not selected for the position because he consistently scored lower than several other candidates. *See* Exhibit B (January 2023 Applicant Log) (plaintiff was ranked last among those selected for a first round interview with a 24 and ranked second to last following the first round interview); *see also* Exhibit D (June 2023 Applicant Log) (plaintiff was ranked last and not offered a first round interview).

Thus, Plaintiff's claim under USERRA must be dismissed.

## III.    Plaintiff has failed to state a claim under the Fourteenth Amendment

### a.  Due Process

Plaintiff alleges a Fourteenth Amendment Due Process claim against Defendants claiming that by failing to provide Plaintiff veteran's preference, which he contends to have a property interest in. Doc. 1 ¶¶ 90-102. As there is no property interest in the veterans' employment preference for substantive due process purposes, Defendants interpret Plaintiff's claim to be one of procedural due process. *Gikas v. Wash. Sch. Dist.*, 328 F.3d 731, 736-37 (3d Cir. 2003). Plaintiff's interest is not in the ***position*** itself, but rather in the ***preference*** he is to be afforded. *Carter v. City of Philadelphia*, 989 F.2d 117, 122 (3d Cir. 1993).

Due process requires that deprivation of veterans' preference "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (internal quotations omitted).

However, there is no allegations concerning a procedure that Plaintiff was deprived of. In fact, to the extent that Plaintiff argues he should have been notified of the requisite requirements for the position, the Third Circuit has held that such notice is not required because there is no property interest at that time. *Gikas*, 328 F.3d at 739. The Veterans' Preference Act's purpose is to "provide a preference in the *final* selection process among candidates of comparable quality." *Merrell v. Chartiers Valley Sch. Dist.*, 855 A.2d 713, 721 (Pa. 2004) (finding where an applicant did not reach the final level of consideration, the veterans' preference had not "ripened.").

Here, Plaintiff did not reach the final selection process, as he was not offered a second interview. Exhibits B and D. As such, he had no property interest in the veterans' preference, as the preference had not yet materialized. Further, Plaintiff has not alleged that he was deprived of any procedure he was allegedly due.

Thus, Plaintiff's due process claim must be dismissed.

b. Equal Protection

Plaintiff alleges Defendants violated his equal protection rights when they hired a woman instead of him. Doc. 1 ¶¶ 104-118. To establish this claim, Plaintiff must have alleged that "(1) he or she is a member of a protected class; and (2) that the government treated similarly situated individuals outside of the protected class differently." *Reed v. Chambersburg Area Sch. Dist.*, 951 F.Supp. 2d 706, 716 (M.D.

Pa. 2013). Gender is a quasi-suspect class. *Hassan v. City of New York*, 804 F.3d 277, 298 (3d Cir. 2015).

The only allegation Plaintiff makes to support this claim is the bald assertion that he was discriminated against because a female was selected for the position over him. Doc. 1 ¶¶ 104-118. This, without more, is not enough to support a claim for an equal protection violation. *Roper v. Luzerne County*, 2023 WL 2563082 at *7 (M.D. Pa. 2023) ("The bald assertion that male employees were treated in a dissimilar manner, without more, does not provide the defendants with the not required to frame a responsive pleading to [plaintiff's] equal protection claim."). Further, there is no factual allegations that suggest a "discriminatory state of mind." *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009). Notably, this is the only allegations Plaintiff makes in regards to alleged gender discrimination as the rest of his complaint focuses solely on discrimination based on his veteran status. Being a veteran is not a protected class. *Robins v. Wetzel*, 2022 WL 4533850 at *2, n. 2 (3d Cir. 2022) (protected class designation is reserved for categories such as race, religion, or gender); *Benoit v. Pa. Bd. of Probation & Parole – West Div.*, 2010 WL 481021 at *2, n.1 (E.D. Pa. 2010) (veteran status is not a protected class). Plaintiff fails to make any allegations that Holly Evans, as a female, was treated differently than he was.

Therefore, Plaintiff's equal protection claim must be dismissed as there are no allegations of gender discrimination or discriminatory intent.

**IV.    Plaintiff has failed to state a claim of conspiracy under 42 U.S.C. § 1985**

Plaintiff brings a conspiracy claim under 42 U.S.C. § 1985 against Maurer and Sauers. Doc. 1 ¶¶119-123.  To state a conspiracy claim under 42 U.S.C. § 1985, Plaintiff must have alleged: "(1) a conspiracy; (2) for the purpose of depriving … any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Jointers v. Scott*, 463 U.S. 825, 828-29 (1983).

There is a heightened pleading requirements of factual specificity for claims under § 1985. *District Council 47 v. Bradley*, 795 F.2d 310 (3d Cir. 1986); *Bougher v. University of Pittsburgh*, 713 F.Supp. 139, 145 (W.D. Pa. 1989) (heightened pleading requirements apply to 42 U.S.C. § 1985(3)), *aff'd*, 882 F.2d 74 (3d Cir. 1989). In fact, "a plaintiff may not make 'bare conclusory allegations of conspiracy or concerted action,' but is required to 'expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such agreement can be inferred.'" *Burden v. Wilkes-Barre Area School Dist.*, 16 F.Supp. 569, 573 (M.D. Pa. 1998) (quoting *Flanagan v. Shively*, 783 F.Supp. 922, 928 (M.D. Pa. 1992), *aff'd*, 980 F.2d 722 (3d Cir. 1992), *cert. denied*, 510 U.S. 829 (1993). These averments are to be specific and "must be supported by the facts

bearing out the existence of the conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out those objectives." *Id.*

Here, Plaintiff has wholly failed to include any factual allegations regarding his claim for conspiracy other than his threadbare recitations of the elements. Doc. 1 ¶¶ 120-123. Notably, there are no facts that Defendants Maurer and Sauer had communications regarding Plaintiff, any discriminatory intent, or any objective that they sought to achieve. As threadbare recitals of the elements do not support a cause of action, Plaintiff's conspiracy claim must be dismissed. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## V.    Plaintiff has failed to state a claim under the Veterans' Preference Act

Plaintiff alleges Defendants violated his rights under the Veterans' Preference Act by not selecting him for the Safety Inspector position when he had claimed the preference. Doc. 1 ¶¶ 125-129.

When a veteran possesses the required qualifications for a non-civil service position "and the veteran is otherwise eligible for appointment," preference must be given to the veteran. 51 Pa. C.S.A. 7104(a). The Pennsylvania Supreme Court, as described by the Third Circuit, has defined "qualified," under this statute, as the "ability to perform the job at the level of skill and with the expertise demanded by the employer." *Markel v. McIndoe*, 59 F.3d 463, 472 (3d Cir. 1995) (quoting *Brickhouse v. Spring-Ford Area School Dist.*, 656 A.2d 483, 487 (Pa. 1995)). Here,

Plaintiff did not have the preferred qualifications for the positions he applied for. *See* Exhibits B and D. Thus, Plaintiff did not have the abilities and expertise as required by the employer. *See Markel*, 59 F.3d at 472.

The veterans' preference is not absolute. *Merrell*, 855 A.2d at 720. The Veterans' Preference Act's purpose is to "provide a preference in the ***final*** selection process among candidates of comparable quality." *Id*. at 721 (emphasis added) (finding where an applicant did not reach the final level of consideration, the veterans' preference had not "ripened."). Here, Plaintiff was never offered a second interview. *See* Exhibits B and D. As Plaintiff never reached the final selection process, his entitlement to veterans' preference never materialized. *See Merrell*, 855 A.2d at 721.

Thus, Plaintiff's claim for a violation of the Veterans' Preference Act must be dismissed as he was never denied the preference as he did not reach the final selection process.

## **<u>CONCLUSION</u>**

Based upon the foregoing, Defendants respectfully request that this Court GRANT their motion to dismiss the complaint.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General


By:    *s/ Tyler Jefferies*
       _____
       TYLER JEFFERIES
Office of Attorney General            Deputy Attorney General
15th Floor, Strawberry Square         Attorney ID PA 330225
Harrisburg, PA 17120
Phone: (717) 941-0376                 NICOLE R. DITOMO
                                      Chief Deputy Attorney General
tjefferies@attorneygeneral.gov        Civil Litigation Section

Date: May 13, 2025                    Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN SHADLE | : | |
| Plaintiff | : | |
| | : | No. 4:25-CV-476 |
| v. | : | |
| | : | (Chief Judge Brann) |
| PENNSYLVANIA STATE SYSTEM | : | |
| OF HIGHER EDUCATION; | : | Electronically Filed Document |
| COMMONWEALTH UNIVERSITY | : | |
| OF PENNSYLVANIA, TINA | : | *Complaint Filed 3/14/25* |
| MAUER, *and* BELINDA SAUERS | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF COMPLIANCE

I, Tyler Jefferies, Deputy Attorney General for the Commonwealth of
Pennsylvania, hereby certify that the foregoing Brief in Support of Motion to
Dismiss complies with the Content and Length requirements described in Rule 7.8
and further certify, with reliance upon the word count feature of the system used to
prepare this brief, that the foregoing filing is comprised of nineteen (19) pages and
less than 5000 words.

By:    *s/ Tyler Jefferies*

**TYLER JEFFERIES**
Deputy Attorney General
Attorney ID 330225

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 941-0376

**NICOLE R. DITOMO**
Chief Deputy Attorney General
Civil Litigation Section

tjefferies@attorneygeneral.gov

Date:  May 13, 2025

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN SHADLE | : | |
| Plaintiff | : | |
| | : | No. 4:25-CV-476 |
| v. | : | |
| | : | (Chief Judge Brann) |
| PENNSYLVANIA STATE SYSTEM | : | |
| OF HIGHER EDUCATION; | : | Electronically Filed Document |
| COMMONWEALTH UNIVERSITY | : | |
| OF PENNSYLVANIA, TINA | : | *Complaint Filed 3/14/25* |
| MAUER, *and* BELINDA SAUERS | : | |
| | : | |
| Defendants | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Tyler Jefferies, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on May 13, 2025, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Motion to Dismiss to the following:

VIA ELECTRONIC FILING
**Jeffrey C. Dohrmann**
Rieders, Travis, Dohrmann, Mowrey,
Humphrey & Waters
161 West Third Street
Williamsport, PA 17701


　　　　　　　*s/ Tyler Jefferies*
　　　　　　　TYLER JEFFERIES
　　　　　　　Deputy Attorney General