2010 WL 481021
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
E.D. Pennsylvania.

Julie Ann BENOIT, Plaintiff,

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE–WEST DIVISION, Defendant.

Civil Action No. 09–4047.
|
Feb. 9, 2010.

**Attorneys and Law Firms**

Julie Ann Benoit, Darby, PA, pro se.

Beth Anne Smith, Office of Attorney General, Philadelphia, PA, for Defendant.

*MEMORANDUM*

BUCKWALTER, Senior District Judge.

***1** Currently pending before the Court is the Motion of Defendant Pennsylvania Board of Probation and Parole–West Division ("Parole Board") to Dismiss Plaintiff's Complaint for Failure to State a Claim and the Response of Plaintiff Julie Ann Benoit. For the following reasons, the Motion shall be granted, Plaintiff's Complaint shall be dismissed without prejudice, and Plaintiff shall be directed to file an amended complaint.

**I. FACTUAL AND PROCEDURAL HISTORY**

On September 22, 2009, Plaintiff Julie Ann Benoit was granted leave by this Court to proceed *in forma pauperis.* Plaintiff filed her Complaint the same day. Thereafter, on December 3, 2009, Defendant filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded on January 25, 2010.

**II. STANDARD OF REVIEW**

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); *see also Hedges v. United States,* 404 F.3d 744, 750 (3d Cir.2005). In *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Following the basic precepts of *Twombly,* the Supreme Court, in the subsequent case of *Ashcroft v. Iqbal,* ––– U.S. ––––, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), defined a two-pronged approach to a court's review of a motion to dismiss for failure to state a claim. First, it noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but not shown an entitlement to relief. *Id .; see also McTernan v. City of York,* 577 F.3d 521, 530–31 (3d Cir.2009).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. *DeFebo v. Andersen Windows, Inc.,* No. CIV.A.09–2993, 2009 WL 4268553, at *4 (E.D.Pa. Nov.23, 2009); *Spence v. Brownsville Area Sch. Dist.,* No. CIV.A.08–626, 2008 WL 2779079, at *2 (W.D.Pa. Jul. 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008). Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir.2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be

entitled to relief." *Pinkerton v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n. 7 (3d Cir.2002).

### III. DISCUSSION

**\*2** In the present case, Plaintiff's Complaint sets forth the following lone statement of her claim:

> As a Veteran of the United States Air Force Honorably Discharged, I was denied promotion and was harassed and discriminated against during my time of employment [with Defendant Parole Board] from December 26, 2006 until February 28, 2007 when I was called to the hospital as a result of my mother's request for my attendance as a result of a stroke.

(Compl.1.) Although not included as part of the Complaint, Plaintiff offers some additional explanation of her grievance in her simultaneously-filed Request for Appointment of Counsel, as follows:

> From December 26, 2006 until February 28, 2007 I was subjected to harassment of various kinds. As a Clerk Typist II, not only was I mistreated, denied promotion and then discharged claiming that I had abandoned the position. The info obtained from Personnel regarding my religion and my national origin was released to non-relevant staff and used as a source for discrimination.

(Request for Appointment of Attorney 2.)

Defendant's Motion to Dismiss now contends that while Plaintiff appears to be asserting claims for employment discrimination under Title VII, she has failed to set forth, in accordance with *Iqbal,* a facially plausible *prima facie* case. More specifically, Defendant argues that Plaintiff has not provided sufficient factual allegations to properly assert that she was part of a protected class, that she was qualified for promotion, that despite her qualifications she was denied promotion, and that the circumstances surrounding these events give rise to an inference of discrimination. *See Waldron v. SL Indus., Inc.,* 56 F.3d 491, 494 (3d Cir.1995) (listing elements of a *prima facie* case under Title VII as a showing that plaintiff: (1) is a member of a protected class; (2) was qualified for an employment position; (3) and was either not hired for that position or was fired from it; (4) "under circumstances that give rise to an inference of unlawful discrimination.") (citing *Tex. Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). Defendant goes on to aver that Plaintiff's allegations that she was "harassed and discriminated against" are legal conclusions, not facts which support a *prima facie* case under *Iqbal.* (Def.'s Mem. Supp. Mot. Dismiss. 3 (quoting Compl. ¶ 3).)

Plaintiff's Response to Defendant's Motion provides this Court with little insight into the true nature of her claim. In an effort to rebut Defendant's argument, she cites, with scant supporting explanation, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, Title I of the Americans with Disabilities Act, the Good Samaritan Doctrine, the Corporate and Criminal Fraud Accountability Act, the Whistleblower Protection Act, and Title II of the Genetic Information Nondiscrimination Act of 2008. Yet, Plaintiff has neither identified the elements of any of these causes of action nor explained how they entitle her to relief. More importantly—assuming Plaintiff's claims are limited to solely the discrimination claims seemingly alleged in her Complaint—Plaintiff has failed to set forth sufficient factual allegations to state a facially plausible claim and create a reasonable inference that she was discriminated against on the basis of her membership in a protected class.[1] *See Gelman v. State Farm Mut. Auto. Ins. Co.,* 583 F.3d 187, 190 (3d Cir.2009) (noting that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Iqbal,* 129 S.Ct. at 1949). Indeed, the allegations are nothing more than the "unadorned, the-defendant-unlawfullyharmed-me accusation[s]" and " 'naked assertion[s]' devoid of 'further factual enhancement' " that fail to establish that Defendant is *probably*—not just possibly—liable for the wrongdoing. *Iqbal,* 129 S.Ct. at 1949–50 (quoting *Twombly,* 550 U.S. at 555–57). As such, the Court is compelled to grant Defendant's Motion to Dismiss Plaintiff's Complaint.

**\*3** Nonetheless, the Court remains mindful of several additional pleading principles. First, we recognize that a pro se complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Brown v. Potter,* No. CIV.A.06–695, 2009 WL 3297295, at \*3 (E.D.Pa. Oct.9, 2009) (holding that district courts should "construe formally imperfect filings in accordance with the pro se litigant's substantive intent."). As noted by the Supreme Court, dismissing a pro se complaint on the grounds that allegations of harm are too conclusory violates the liberal pleadings standards generally applied to pro se plaintiffs. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Moreover, the Third Circuit has repeatedly emphasized that "in civil rights cases, district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir.2007); *see also Grayson v. Mayview State Hosp.,* 293 F.3d 103, 110–11 (3d Cir.2002).

Cognizant of these principles and of Plaintiff's pro se status, the Court will dismiss Plaintiff's Complaint without prejudice. In addition, Plaintiff shall be given twenty days from the date of this Order to file an amended complaint that meets the *Iqbal* pleading standards and gives Defendant fair notice of both the legal claims against it and the factual predicate for such claims.

An appropriate order follows.

### ORDER

**AND NOW,** this 9th day of *February,* 2010, upon consideration of Defendant Pennsylvania Board of Probation and Parole—West Division's Motion to Dismiss Plaintiff's Complaint (Docket No. 5) and Plaintiff Julie Ann Benoit's Response (Docket No. 9), it is hereby **ORDERED** that the Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiff shall have twenty (20) days from the date of this Order within which to file an Amended Complaint that complies with the standards set forth in the accompanying Memorandum.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 481021

---

### Footnotes

| | |
|---|---|
| 1 | Notably, to the extent Plaintiff claims that she was in a protected class due to her status as an armed services veteran, it is established that "veteran status cannot provide a basis for Title VII action." *Phillippeaux v. N. Central Bronx Hosp.,* 871 F.Supp. 640, 650 n. 4 (S.D.N.Y.1994), *aff'd* 104 F.3d 353 (2d Cir.1996), *cert. denied,* 520 U.S. 1105, 117 S.Ct. 1110, 137 L.Ed.2d 312 (1996); *see also Bailey v. Se. Area Joint Apprenticeship Committee,* 561 F.Supp. 895, 912 (N.D.W.Va.1983) (noting that veterans are not a protected class under Title VII). |

End of Document    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2025 Thomson Reuters. No claim to original U.S. Government Works.    3