2022 WL 4533850
Only the Westlaw citation is currently available.
United States Court of Appeals, Third Circuit.

Johnathan ROBINS, Appellant
v.
Secretary John E. WETZEL, Department of Corrections; Superintendent Salamon; Supervisor Tice; Unit Manager Condo; Counselor Williams; Coordinator Damico; Pennsylvania Parole Board; District Attorney Krasner; Philadelphia District Attorney's Office

No. 22-1006
|
Submitted Pursuant to Third Circuit LAR 34.1(a) June 21, 2022
|
(Opinion filed: September 28, 2022)

On Appeal from the United States District Court for the Middle District of Pennsylvania (D.C. Civil Action No. 3:21-cv-01474), District Judge: Honorable Malachy E. Mannion

**Attorneys and Law Firms**

Johnathan Robins, Bellefonte, PA, Pro Se.

Before: RESTREPO, PHIPPS and RENDELL, Circuit Judges

OPINION[*]

PER CURIAM

***1** Johnathan Robins, an inmate proceeding pro se, appeals from the District Court's order dismissing his complaint. We will affirm in part and vacate and remand in part.

I.

In August 2021, Robins brought this civil rights action under 42 U.S.C. § 1983, alleging violations of his rights to due process, equal protection, and the free exercise of religion, related to his participation in a sex offender treatment program. Specifically, Robins alleged that the sex offender treatment program facilitated by the Department of Corrections, whose completion was a prerequisite for parole eligibility, required him to falsely admit that he was guilty of a crime. Although he was willing to admit that he engaged in sexual relations with his wife, who was a minor child at the time, he was unwilling to admit that that conduct was illegal. Robins maintained that the program's admission-of-guilt requirement violated his constitutional and statutory rights because he would only become eligible for parole if he falsely confessed and made derogatory statements about his marriage.

Robins initially filed a deficient request to proceed in forma pauperis, but he ultimately paid the filing fee instead of submitting a proper application. Before the complaint was served, the District Court screened the action under 28 U.S.C. §§ 1915A and 1915(e) and dismissed it as legally frivolous under § 1915(e). Robins now appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and we exercise plenary review over a District Court's sua sponte dismissal of a complaint under §§ 1915A and 1915(e).[1] Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). Under § 1915A, district courts must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss it. See § 1915A(b)(1). A complaint is frivolous if it relies on an indisputably meritless legal theory or a clearly baseless factual scenario, Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), and it fails to state a claim when it lacks sufficient factual matter to state a claim to relief that is plausible on its face, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As a pro se litigant, Robins is entitled to liberal construction of his complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

III.

***2** Robins raised a variety of constitutional and statutory claims, which we address seriatim. First, Robins alleged that the admission-of-guilt requirement violated his equal protection rights. According to Robins, the privilege of parole must be fairly available to all offenders, and the Department of Corrections' policy requiring an admission of guilt in its sex offender treatment program made parole unavailable to individuals convicted of sex offenses who believed they were

Case 4:25-cv-00476-MWB   Document 15-6   Filed 07/15/25   Page 2 of 4

Robins v. Wetzel, Not Reported in Fed. Rptr. (2022)
2022 WL 4533850

innocent. We agree with the District Court's determination that this claim was indisputably meritless. Because Robins has not alleged membership in a protected class,[2] his equal protection claim must be premised on a "class-of-one" theory, which requires him to allege, at a minimum, "that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008). Robins alleged that he, as a sex offender who refused to admit guilt in his required programming, was treated differently from other types of offenders who were not required to admit guilt in their programming. However, Robins was not similarly situated to offenders who were convicted of different crimes and subject to different programming requirements, and there is a rational basis for requiring different treatment for different categories of offenders. Accordingly, this claim lacks merit.[3]

Robins also alleged that he was denied due process because his unwillingness to admit guilt (and, consequently, his failure to adequately complete the program's requirements) meant he was denied the opportunity to appear before the parole board. This claim was also properly dismissed as frivolous, because Robins lacks a cognizable liberty interest in receiving a parole interview. To obtain a protectible right, an individual must have a legitimate claim of entitlement to the subject of the deprivation, more than a mere abstract need or desire for it or a unilateral expectation of it. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Id.; see also Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996) (explaining that "no liberty interest is created by the expectation of parole").

Robins also argued that requiring him to admit guilt, which he perceived as denigrating his marriage, was coercive and constituted an atypical hardship that could be viewed as a form of mental torture.[4] However, requiring an admission of guilt in a sex offender treatment program in order to be eligible for parole does not violate the Fifth Amendment. Roman v. DiGuglielmo, 675 F.3d 204, 214 (3d Cir. 2012). "[A] state may offer an incentive for participation in such rehabilitative programs—here, the opportunity for early release—without obligating itself to reward an inmate who chooses not to participate because he considers that reward outweighed by the cost." Id. Further, to the extent that this claim implicates the Eight Amendment, requiring an admission of guilt, even falsely, did not deprive Robins of "the minimal civilized measure of life's necessities." See Farmer v. Brennan, 511 U.S. 825, 834 (1994).[5]

*3 Robins also alleged that the admission-of-guilt requirement violated his constitutional and statutory rights to the free exercise of religion. According to Robins, marriage was a sacred tenet of his religion, and he could not admit the illegality of his sexual conduct, which he construed as denouncing his religious marital vows, without violating his religious beliefs. The District Court did not address these claims in its memorandum, and it dismissed the entirety of the complaint without leave to amend.

To the extent that this allegation is based on the First Amendment, it is facially meritless. This Court has recognized that states "have a vital interest in rehabilitating convicted sex offenders and acceptance of responsibility for past offenses is a critical first step in a prison's rehabilitation program for such offenders," and, on that basis, has declined to find First Amendment violations where sex offenders are required to admit guilt, even where the offender believes such an admission is false. Newman v. Beard, 617 F.3d 775, 781 (3d Cir. 2010) (cleaned up).

However, this Court has not had occasion to consider an acceptance-of-responsibility component of a sex-offender treatment program in the context of RLUIPA or RFRA. Given the lack of controlling precedent and the District Court's failure to address this claim, we will vacate its sua sponte dismissal and remand for the District Court to address the RLUIPA and RFRA claims in the first instance, allowing for amendment of the complaint as it deems appropriate.[6]

IV.

Accordingly, we will affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

**All Citations**

Not Reported in Fed. Rptr., 2022 WL 4533850

Robins v. Wetzel, Not Reported in Fed. Rptr. (2022)
2022 WL 4533850

Case 4:25-cv-00476-MWB   Document 15-6   Filed 07/15/25   Page 3 of 4

**Footnotes**

\*  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1  Robins argues on appeal that the District Court improperly screened his complaint under § 1915(e), which was inapplicable because he was not proceeding in forma pauperis. But while § 1915(e) applies only to prisoners proceeding in forma pauperis, Grayson v. Mayview State Hosp., 293 F.3d 103, 110 n. 10 (3d Cir. 2002), § 1915A applies even to prisoners who have paid their filing fees. See, e.g., Shakouri v. Davis, 923 F.3d 407, 410 (5th Cir. 2019) (explaining that, regardless of the applicability of § 1915(e), courts must still screen claims brought a by prisoner against an employee of a governmental entity pursuant to § 1915A).

2  Being designated a sex offender does not qualify as membership in a "protected class" for equal protection purposes, as that designation is reserved for categories such as race, religion, or gender. See City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440-41 (1985) (discussing protected classes); Cutshall v. Sundquist, 193 F.3d 466, 482 (6th Cir. 1999) (explaining that convicted sex offenders are not a suspect class).

3  Moreover, while Robins is correct that "a state statute may not sanction totally arbitrary parole decisions founded on impermissible criteria," Burkett, 89 F.3d at 139, the Pennsylvania statute requiring the completion of sex offender programming as a prerequisite to parole eligibility, 42 Pa. C.S.A. § 9718.1(b), does not sanction totally arbitrary parole decisions, nor is it founded on impermissible criteria such as race, religion, gender, or ethnic background. Rather, the requirement applies to all offenders as defined in 42 Pa. C.S.A. § 9718.1(a) and furthers the legitimate penological objective of rehabilitation. See McKune v. Lile, 536 U.S. 24, 36–37 (2002).

4  To the extent that this "mental torture" claim relates to a claim of mental or emotional injury, such a claim may not be brought by a prisoner while in custody absent a showing of physical injury. See 42 U.S.C. § 1997e(e). Robins has made no such showing.

5  The District Court also properly dismissed Robins's claim that prison employees made disrespectful comments about his marriage, as that claim was not actionable under § 1983. See, e.g., McBride v. Deer, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); Beal v. Foster, 803 F.3d 356, 358 (7th Cir. 2015) (explaining that "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment").

Robins also alleged that defendants discriminated against him on the basis of age because they were biased against his "May-December marriage." While it appears that the District Court neglected to consider this claim, this claim is facially meritless: the Pennsylvania criminal code, not defendants, criminalized Robins's sexual relationship with a minor. To the extent that Robins reframes this claim on appeal as a violation of his First Amendment right to privacy, this Court need not consider it, as it was not raised in the District Court. Singleton v. Wulff, 428 U.S. 106, 120 (1976). For the same reasons, this Court need not consider Robins's new argument that the admission-of-guilt requirement violates his First Amendment right to freedom of thought. Id.

Additionally, Robins alleged that documents in his record erroneously reflect that he was found guilty of involuntary deviate sexual intercourse (IDSI) by forcible compulsion, rather than his actual conviction of IDSI with a complainant who was less than 16 years of age and to whom he was not married at the time. This claim was subject to dismissal under § 1915A, as Robins failed to state how this error deprived him of a federal constitutional or statutory right. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (explaining that,

Case 4:25-cv-00476-MWB     Document 15-6     Filed 07/15/25     Page 4 of 4

**Robins v. Wetzel, Not Reported in Fed. Rptr. (2022)**
2022 WL 4533850

to state a claim under § 1983, a plaintiff must establish that he or she was deprived of a federal constitutional or statutory right by a state actor). And to the extent that he frames this claim as a due process violation on appeal, even setting aside the general rule that a federal appellate court does not consider an issue not passed upon below, Singleton, 428 U.S. at 120, he has not provided copies of the documents he believes to be incorrect or anything beyond his own assertions to suggest any error. "As this argument was vaguely presented without factual or legal support, it is forfeited for lack of development." New Jersey Dep't of Env't Prot. v. Am. Thermoplastics Corp., 974 F.3d 486, 493 n. 2 (3d Cir. 2020).

6   "This court has consistently held that when an individual has filed a complaint under § 1983 which is dismissable [sic] for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint." Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000); see also Grayson, 293 F.3d at 111 (explaining that "plaintiffs whose complaints fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile").

**End of Document**   © 2025 Thomson Reuters. No claim to original U.S. Government Works.